## Newlin Estate

*Theodore R. Griffith,* for appellants.

*Dallett Hemphill,* for Commonwealth.

MACELREE, P. J., August 5, 1963.—Based upon the record and oral testimony offered at a hearing on October 8, 1962, this court makes the following

### Findings of Fact

1. Alice Edith Newlin, a resident of West Whiteland Township, Chester County, Pa., died September 7, 1954.

2. Decedent at the time of her death was the record owner of a messuage and tract of land known as "Indian Run Farm," at or near Exton, in the Township of West Whiteland, Chester County, containing 84 acres plus, upon which there were existing a 2½-story stone mansion, 3 apartments, 18 rooms and 3 baths, a stone and frame barn, 3-car stone garage, and also a single one and a half story tenant house containing 6 rooms and bath.

3. On September 2, 1954, five days before the death of Alice Edith Newlin, the Commonwealth of Pennsylvania, acting by and through its Department of High-

ways, condemned and appropriated a portion of the above described real estate for the rebuilding and widening of Route 100, a state highway adjoining the said "Indian Run Farm."

## Discussion

Executors in their inheritance tax affidavit disregarded any effect of the condemnation upon the value of "Indian Run Farm" and for tax purposes treated said real estate as though unaffected by the condemnation.

The Commonwealth, on the other hand, appraised the value of the real estate as affected by the condemnation, which existed prior to the decedent's death, and the Commonwealth sought to suspend appraisement of the value of the damages pending their final determination.

It is a coincidence that both appraisals were in the amount of $80,000, one of which represented the before value of the land and the other the after value.

No appeal was taken from the Commonwealth's appraisal.

After negotiating a settlement in 1957 of $19,400 for the damages, the executors never filed any supplemental inventory.

The Commonwealth, on September 10, 1959, under an appropriate heading of Personal Property, appraised as "claim was pending at time of original appraisement" the item of $19,400 as a taxable asset.

Under the facts as found by this court we believe that there is but one question involved, to wit:

Did the Department of Revenue of the Commonwealth of Pennsylvania effectively and lawfully reserve the right to appraise the item of damages at a date subsequent to the filing of its original appraisement and at a time after the amount thereof had been finally determined?

The appeal before this court is from the supplemental appraisement of September 10, 1959.

We are somewhat at a loss to understand the theory of appellants.

The objection stated in the appeal is predicated upon the theory that appellants' tax affidavit included any "claim for damages."

Appellants do not in their appeal, except inferentially, challenge the right of the Commonwealth to make a supplemental appraisement.

The Commonwealth contends that it not only had the right to reserve the right to appraise the condemnation damages but that such reservation was effectively noted upon the original appraisement and that notice of such action was given to executors.

We believe the position of the Commonwealth to be sound, provided the Commonwealth's initial appraisal clearly showed that it was suspending the item of damages pending its final determination.

As of that date, October 18, 1955, the Department of Revenue of the Commonwealth was without knowledge as to whether or not a claim for damages would be sustained inasmuch as widening and relocation of highways may, under certain circumstances, add to the value of real estate rather than depreciating its value.

It is not disputed that on the date upon which the Department of Revenue made its initial appraisement, the corporate executor was notified by letter: "a supplemental inventory should be filed in the event that the estate should receive damages for the widening or rebuilding of Route 100."

Notwithstanding such notice the executors elected to ignore such instructions.

We find what we believe to be authority supporting the action of the Department of Revenue of the Commonwealth of Pennsylvania in Jenkins Estate, 83 D. & C. 265, 2 Fiduc. Rep. 476, in an exhaustive opinion

by President Judge van Roden, in which he reviews the applicable appellate court authorities.

### Conclusions of Law

We conclude that the item of damages set forth in the supplemental appraisement was lawfully suspended and that the Commonwealth was within its rights in appraising the damages as negotiated and assessing inheritance tax thereon on September 10, 1959.